# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:14CR206 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| AARON R. RUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 188, filed by the Defendant, Aaron R. Russell ("Russell"). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On June 29, 2015, Russell entered a plea of guilty to Count II (Bank Robbery), Count III (Using, Carrying, or Brandishing a Firearm During a Crime of Violence), and Count VI (Attempted Credit Union Robbery), of the Superseding Indictment. Russell signed his plea petition under oath, stating that he was satisfied with the performance of his attorney, and he was guilty of the offenses. Russell's answers given under oath at his change of plea hearing corroborated the answers in his petition. In his plea agreement, he waived his right to appeal, and did not file any direct appeal. On September 28, 2015,

this Court accepted the parties' plea agreement, entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C), and sentenced Russell to a term of incarceration of 96 months on Counts II and VI, to run concurrently, and 84 months on Count III to run consecutively, for a total of 180 months incarceration, as stipulated to by the parties in the plea agreement.  The Court also imposed a term of two years supervised release on all three Counts, to run concurrently.

Russell timely filed his § 2255 motion, arguing: (1) his sentence violated his constitutional right to be free from double jeopardy under the Fifth Amendment to the United States Constitution, (2) he was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution, and (3) a statute under which he was convicted was unconstitutionally vague, creating a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## DISCUSSION

### Ground One: Double Jeopardy

Russell contends that his conviction and sentence on Count III, for carrying, using, or brandishing a firearm in connection with a crime of violence, constitutes double jeopardy because he also received a sentencing enhancement on his guideline calculation, due to his use of a firearm in connection with a felony offense.

Although Russell's argument may be deemed moot in light of his Rule 11(c)(1)(C) plea agreement and the stipulated sentence, his factual premise is also incorrect.  The record reflects that the Presentence Investigation Report ("PSR"), ECF No. 161, applied

no enhancement to the calculation of the sentencing guideline for Count II based upon Russell's carrying, use, or brandishing of a firearm. The PSR states:

> Because the defendant was convicted of 18 U.S.C. § 924(c)(1)(A)(ii) on Count III of the Superseding Indictment, a five-level enhancement for brandishing a firearm, pursuant to USSG § 2B3.1(b)(2)(C), was not applied in the guideline calculation of Count II. See Application Note 4 of USSG § 2K2.4.

*Id.* ¶ 50, Page ID 416.

While Russell did receive a five-level enhancement on his guideline calculation for Count VI, pursuant to USSG § 2B3.1(b)(2)(C), because a firearm was possessed during the attempted robbery of the Metro Credit Union, Count VII of the Superseding Indictment, charging him with the separate offense of carrying, using, or brandishing a firearm in connection with the attempted Credit Union robbery, was dismissed pursuant to the Plea Agreement. Accordingly, the calculation of Russell's sentencing guideline for Count VI would not give rise to any claim for relief under the Double Jeopardy Clause, even if he had been sentenced pursuant to the guidelines and not the Rule 11(c)(1)(C) plea agreement.

Russell's first ground for his 2255 Motion, based on an alleged violation of his rights under the Double Jeopardy Clause, is without merit and will be denied.

**Ground Two: Ineffective Assistance of Counsel**

In order to establish ineffective assistance of counsel, Russell must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed

by the Sixth Amendment. *Id.* at 687–89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

Russell argues that his counsel was ineffective because Russell received a sentence above the guideline range for Counts II and VI. Russell's sentencing range under the Guidelines for Counts II and VI, with the multiple count adjustment, was 57 to 71 months. The Government agreed to dismiss Count I (Conspiracy to Commit Bank Robbery), Count V (Conspiracy to Commit Credit Union Robbery), and Count VII (Carrying, Use, or Brandishing of a Firearm in Connection with Attempted Credit Union Robbery) of the Superseding Indictment pursuant to Russell's Rule 11(c)(1)(C) plea agreement. The parties stipulated to a total term of incarceration of 180 months (ECF No. 144, Page ID 338), with 84 months of that term associated with the mandatory seven-year consecutive term on Count III. Had the government not agreed to dismiss Counts I, V, and VII, Russell faced potential mandatory penalties far exceeding the term of incarceration imposed.

Russell has satisfied neither the performance prong nor the prejudice prong of *Strickland*, and his second ground for relief is without merit and will be dismissed.

**Ground Three: Vagueness of Criminal Statute**

Russell argues that the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2255 (2015), finding the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague, should be applied to the language in 18 U.S.C. § 924(c)(1)(A) which cross-references 18 U.S.C. §924(c)(3).

The residual clause in § 924(e)(2)(B)(ii) at issue in *Johnson* refers to any crime that "involves conduct that presents a serious potential risk of physical injury to another." Section 924(c)(3) provides:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3)

While Russell's argument might be well taken if his underlying offense were one described in § 924(c)(3)(B), his underlying offenses that led to the conviction and sentence in Count III, and to the sentencing enhancement in Count VI, both clearly fall under the language of the "force" clause, § 924(c)(3)(A). Accordingly, Russell's third ground for relief, based on an alleged violation of his rights under the Due Process Clause, is without merit and will be denied.

IT IS ORDERED:

1. The Defendant's Motion for Leave to Proceed in Forma Pauperis, ECF No. 189, is granted;

2. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 188;

3. Upon initial review, the Court finds that the Defendant's § 2255 motion should be summarily dismissed;

4. The Defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 188, is dismissed;

5. A Separate Judgment will be entered; and

6. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 4th day of January, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge